IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MARCUS S. BALLEW and PAMELA E. BALLEW, <br><br> Plaintiffs, <br><br> v. <br><br> ROUNDPOINT MORTGAGE SERVICING CORPORATION and RANDOM PROPERTIES ACQUISITION CORPORATION III, <br><br> Defendants. | Civil Action 7:10-CV-150 (HL) |

## ORDER

This case was removed from the Superior Court of Tift County, Georgia, to this Court on December 14, 2010. Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). Consistent with the practices of this Court, the Notice of Removal was subjected to an initial review. Following review of the Notice of Removal, the Court directs Defendants to amend consistent with the following.

Plaintiffs, Marcus S. Ballew and Pamela E. Ballew, filed an action in the Superior Court of Tift County, Georgia, on November 12, 2010. Plaintiffs named Roundpoint Mortgage Servicing Corporation and Random Properties Acquisition Corporation, III, as Defendants. Plaintiffs seek to enjoin Defendants' foreclosure of the real property located at 20 Eagle Drive, Tifton, Georgia. Thereafter, Defendants

filed the Notice of Removal at issue here, alleging diversity jurisdiction. Specifically, Defendants allege that Plaintiffs are residents of Tift County, Georgia; that Roundpoint Mortgage Servicing Corporation is a Florida corporation with its principal place of business in North Carolina; and that Random Properties Acquisition Corporation, III is a Delaware corporation with its principal place of business in Connecticut.

A civil action "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a).

There is no statutory definition of citizen with regard to natural persons. Federal courts hold that an individual's citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile requires one's physical presence within the state with the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" Id. at 1257-58 (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)). Furthermore, a person may reside in one place but be domiciled in another. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1957, 1608 (1989). A complaint merely alleging residency, as opposed to state citizenship or domicile, is insufficient to invoke diversity jurisdiction. Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992).

A defendant removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (citing Williams v. Best Buy Co., Inc. 269 F.3d 1316, 1318 (11th Cir. 2001)). In examining the jurisdictional allegations presented in the Notice of Removal, the Court finds they are lacking. Specifically, Defendants have failed to identify the citizenship of each Plaintiff. As a result, the Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the Notice of Removal fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Defendants should be allowed to amend to correct the deficiencies noted. Accordingly, Defendants shall until December 30, 2010 in which to file an amendment that conforms to the findings of this Order. Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in remand for lack of jurisdiction.

**SO ORDERED**, this the 16th day of December, 2010.

/s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**

mbh